IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALEEM JENKINS, | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA et al., | : | No. 15-3271 |
| *Defendants*. | : | |

MEMORANDUM

PRATTER, J.                                                                                          SEPTEMBER 23, 2015

Plaintiff Waleem Jenkins claims that he was falsely arrested, falsely imprisoned, and maliciously prosecuted by various Philadelphia police officers. Two of those officers, Officer Carlos Buitrago and Officer Samuel Allen, as well as the City of Philadelphia have moved to dismiss the Complaint. Because Mr. Jenkins's Complaint lacks sufficient factual allegations to state a claim against any of the Defendants, the Court will grant the Motion to Dismiss his Complaint.

**BACKGROUND**

In his Complaint, Mr. Jenkins states that on December 15, 2010, he was stopped and arrested by Officers Sydemy Joanis and Johnathan Garcia. He alleges that a *nolle prosequi* was entered as to the charges stemming from that arrest on July 29, 2013. Mr. Jenkins claims that four days after the arrest, on December 19, 2010, Officers Joanis, Garcia, and Samuel Allen again arrested him for charges that were *nolle prossed* on June 24, 2013. Mr. Jenkins states that he did not have drugs on or in his possession at the time of either arrest, that he had broken no laws, and that his property was confiscated each time and never returned.

Mr. Jenkins filed his Complaint in June, 2015, seeking $100,000 in compensatory damages, as well as punitive damages, for "malicious prosecution, unlawful arrest, false imprisonment and civil rights violations." While granting his application to proceed *in forma pauperis*, the Court dismissed the Philadelphia Police as a named defendant. *See* June 12, 2015 Order, Docket No. 2.

Defendants City of Philadelphia, Officer Carlos Buitrago, and Samuel Allen ("Moving Defendants") have filed a motion to dismiss the Complaint, arguing that Mr. Jenkins failed to sufficiently allege any claim against them and that to the extent he brings claims for false arrest and false imprisonment, those claims are barred by the statute of limitations. Mr. Jenkins responds that he has adequately pleaded claims against all of the Defendants.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.*

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to

cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (citation and internal quotation marks omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

Mr. Jenkins is proceeding *pro se*. Although the Court must construe Mr. Jenkins's allegations liberally because of his *pro se* status, *Higgs v. Att'y Gen.,* 655 F.3d 333, 339 (3d Cir. 2011), Mr. Jenkins must still plead more than "labels and conclusions" to state a claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

**DISCUSSION**

    **A. Claims against the City of Philadelphia**

Moving Defendants argue that Mr. Jenkins has not stated a claim against the City of Philadelphia because (1) to the extent his claims arise under 42 U.S.C. § 1983, he has not made any allegations that would implicate a City policy or custom, and (2) to the extent his claims arise under state law, the claims are barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §§ 8541 *et seq*. Mr. Jenkins does not challenge Moving Defendants' argument with respect to Pennsylvania state law, and the Court finds that the Pennsylvania Political Subdivision Tort Claims Act does indeed prevent him from bringing state law tort claims for false arrest, false imprisonment, and/or malicious prosecution against the City. *See Agresta v. City of Philadelphia*, 694 F. Supp. 117, 123 (E.D. Pa. 1988) (dismissing intentional torts asserted against the City, including false arrest, false imprisonment, and malicious prosecution, under the Pennsylvania Political Subdivision Tort Claims Act).

Mr. Jenkins does insist that the City can be held vicariously liable for the acts of its employees, and that therefore he states a § 1983 claim. The cases he cites, however, stand for the precise opposite. For example, in *Langford v. Atlantic City*, 235 F.3d 845, 847 (3d Cir. 2000), the Third Circuit Court of Appeals did not allow a claim vicarious liability on the part of a municipality, but instead stated that "the [Supreme] Court expressly rejected municipal § 1983 liability based on a *respondeat superior* theory, finding 'Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Id.* at 847 (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)).

Mr. Jenkins cites no municipal policies or customs that may have caused him harm. Indeed, in his Complaint's factual allegations, Mr. Jenkins does not even mention the City of Philadelphia. Thus, Mr. Jenkins's claims against the City of Philadelphia will be dismissed.

### B.  Claims against the Officer-Defendants

Defendant Carlos Buitrago argues that all claims brought against him should be dismissed because Mr. Jenkins fails to make any factual allegations against him. Despite Mr. Jenkins's protest that he has stated a claim against Officer Buitrago, the only mention of Officer Buitrago in the Complaint is in the caption. Officer Buitrago is not listed among the other arresting officers in the factual allegations of the Complaint. He is not reffered to in any other scenario set out in the Complaint. Without any factual allegations, let alone any factual allegations that amount to a claim, Mr. Jenkins's claim against Officer Buitrago must be dismissed.

Defendant Samuel Allen also argues that any claims against him should be dismissed for failure to state a claim. In Mr. Jenkins's Complaint, Officer Allen is mentioned as an arresting

officer involved in one of the two arrests.  Mr. Jenkins does not describe any of the officers' roles in the arrests, including Officer Allen.  Officer Allen argues that because all Mr. Jenkins has alleged is that Officer Allen was present at one of Mr. Jenkins's two arrests, the claims against him must fail.  Officer Allen cites case law holding that a plaintiff must allege lack of probable cause when attempting to set forth claims for false arrest, false imprisonment, or malicious prosecution.  *See Santiago v. Hulmes*, No. 14-07109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015); *Levine v. Rodden*, No. 15-574, 2015 WL 2151781, at *4-6 (E.D. Pa. May 7, 2015).  Officer Allen argues that the allegations that Mr. Jenkins did not have drugs in his possession at the time of his arrests and that he had not broken the law do not negate probable cause; nor do such statements translate into any other plausible claim against this Officer.  Mr. Jenkins simply counters that he has stated federal claims against all the Officer-Defendants.

"To state a plausible claim for false arrest, false imprisonment, or malicious prosecution under the Fourth Amendment, a plaintiff must plead sufficient facts to support a reasonable inference that the defendants acted without probable cause and are not entitled to qualified immunity." *Spiker v. Whittaker*, 553 F. App'x. 275, 278 (3d Cir. 2014).  Probable cause exists when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Estate of Smith v. Marasco,* 318 F.3d 497, 514 (3d Cir. 2003).  When evaluating allegations of lack of probable cause, the Court examines "not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988).

The only facts Mr. Jenkins alleges are that he was arrested twice by various officers, that he did not have drugs in his possession, that he did not break the law, that the police confiscated his property and failed to return it, and that the charges stemming from both arrests were *nolle prossed*. He asserts no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise. Thus, Mr. Jenkins has failed to plead facts sufficient to survive a motion to dismiss as to Officer Allen.[1] *See, e.g., Santiago*, 2015 WL 1422627, at *4 (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all of the allegations against them in the underlying criminal proceedings were false); *Anderson v. Yelland*, C.A. No. 1:15-CV-01322, 2015 WL 4902999, at *3 (M.D. Pa. Aug. 17, 2015) (dismissing false arrest claim made by *pro se* litigant for failure to plead probable cause); *Wheeler v. Wheeler*, C.A. No. 3:14-CV-00432, 2014 WL 4716731, at *3-4 (M.D. Pa. Sept. 22, 2014) (dismissing false arrest claim when plaintiff merely pled that he was "unlawfully arrested").[2]

The Moving Defendants also argue that Mr. Jenkins's claims for false arrest and false imprisonment are barred by the two-year statute of limitations. *See* 42 Pa. C.S.A. § 5524(1) (setting two-year statute of limitations for intentional torts such as false imprisonment and false

---

[1] Even assuming Mr. Jenkins is also asserting state tort law claims for false arrest, false imprisonment, and malicious prosecution, the pleading standards are the same. *See, e.g., Campeggio v. Upper Pottsgrove Twp.*, No. CIV.A. 14-1286, 2014 WL 4435396, at *6 (E.D. Pa. Sept. 8, 2014) (noting that the standards for state tort claims sounding in false arrest and false imprisonment are subject to the same analysis as their § 1983 counterparts).

[2] Even though Officer-Defendants Sydemy Joanis and Johnathan Garcia have not yet appeared in this case, inasmuch as Mr. Jenkins was granted *in forma pauperis* status, the Court will dismiss the claims against them for the same failure to sufficiently plead. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (permitting a court to dismiss a complaint *sua sponte* for failure to state a claim when the plaintiff is granted *in forma pauperis* status).

arrest); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78-79 (3d Cir. 1989) (holding that Pennsylvania's two-year statute of limitations for personal injury actions and intentional torts applies to § 1983 claims). For both § 1983 and state tort claims for false arrest and false imprisonment, the statute of limitations begins to run, at the latest, on the date of arraignment. *See Wallace v. Kato*, 549 U.S. 384, 388-91 (2007) (explaining that the statute begins to run at the time of arraignment because false imprisonment ends when a plaintiff is afforded process, *i.e.*, when he is arraigned). Mr. Jenkins argues that his claims are timely, citing case law that states that the statute of limitations for a claim for malicious prosecution begins to run when the underlying criminal proceedings terminate in the plaintiff's favor and arguing that this rule also applies to his false arrest and false imprisonment claims. Mr. Jenkins is correct regarding when the statute of limitations begins to run for malicious prosecution, but he is incorrect in attempting to apply that law to claims for false arrest and false imprisonment.

Mr. Jenkins's arraignments took place in 2011, and he filed this suit in June, 2015. Thus, in light of the June 10, 2015 filing date here, Mr. Jenkins's claims for false arrest and false imprisonment were filed well after the two-year statute of limitations had run, and Moving Defendants are entitled to dismissal on this ground, as well.

**C. Leave to Amend**

Under Federal Rule of Civil Procedure 15, leave to amend should be freely granted. Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied when amendment would be futile. *See Walton v. Mental Health Ass'n. of Southeastern Pa.*, 168 F.3d 661, 665 (3d Cir. 1999). Because Mr. Jenkins's claims for malicious prosecution and his false arrest and false imprisonment claims against Defendants Sydemy Joanis and Johnathan Garcia are dismissed for failure to sufficiently plead, the Court will dismiss those claims without prejudice and allow Mr.

Jenkins to amend his Complaint as to those claims only. As to his claims for false arrest and false imprisonment against the Moving Defendants, however, the Court will dismiss those claims with prejudice because they are untimely and amendment would be futile.[3]

**CONCLUSION**

  For the foregoing reasons, the Court will grant Moving Defendants' Motion. An appropriate Order follows.

               BY THE COURT:

               S/Gene E.K. Pratter
               GENE E.K. PRATTER
               United States District Judge

---

[3] Because the statute of limitations is an affirmative defense and therefore may be waived, the Court will not dismiss with prejudice the claims for false arrest and false imprisonment against Officers Joanis and Garcia who have not yet appeared.